**MOBIL OIL CORPORATION, a New York corporation, Plaintiff,**

v.

**Claude KELLEY, Director of the Department of Conservation, et al., Defendants.**

**Civ. A. No. 7277-72-P.**

United States District Court, S. D. Alabama, S. D.

Jan. 11, 1973.

W. Dewitt Reams and James D. Brooks, Mobile, Ala., Roy M. Talley, for plaintiff.

William J. Baxley, Atty. Gen., and Geo. L. Beck, Asst. Atty. Gen., Montgomery, Ala., William T. Watson, Asst. Atty. Gen., University, Alabama, for defendants.

## JUDGMENT AND DECREE

PITTMAN, Chief Judge.

This suit was filed by Mobil Oil Corporation, as lessee from the State of Alabama of the oil and gas rights to certain parcels of land located in Mobile Bay, Alabama, seeking declaratory and injunctive relief. The defendants are the Alabama Department of Conservation and its Director, Claude Kelley, in his official capacity, the State Oil and Gas Board and its members, in their official capacities, the State Oil and Gas Board Supervisor, Philip E. LaMoreaux, in his official capacity, and the Attorney General for the State of Alabama, William J. Baxley, in his official capacity.

Specifically, plaintiff desires the court to extend the period of its lease with the State and to enjoin the defendants from failing to issue, or interfering with the issuance of, a valid drilling permit for the leased lands, and generally to grant such other relief as the plaintiff may show they are justly entitled to.

Jurisdiction is alleged in this court pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity of citizenship), and Amendment Fourteen, Section 1, United States Constitution (deprivation of property without due process). Since defendants have challenged the jurisdiction of the court on both federal question and diversity of citizenship grounds, the issue of jurisdiction is the first which must be resolved.

Any discussion of federal question jurisdiction under 28 U.S.C. § 1331 must

necessarily begin with the Supreme Court's pronouncements in Bell v. Hood, 327 U.S. 678, 681, 66 S.Ct. 773, 90 L.Ed. 939, 943 (1946):

. . . where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions later noted, must entertain the suit.

\* \* \* \* \* \*

The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.

C. Wright, Federal Courts (1963), at page 55, states more succinctly, but no less emphatically, that "[D]ismissal for want of jurisdiction is appropriate only where the federal claim is frivolous or a mere matter of form." (footnote omitted)

The complaint in this instance alleges that plaintiff's property has been taken without due process of law in contravention of Amendment Fourteen, Section 1 to the Constitution of the United States. It is claimed that the issuance of drilling permits was a routine administrative matter when Mobil entered into the leases and subsequent failure to issue the permit has deprived the plaintiff of the use of the property which was in the contemplation of the parties at the time of the bargaining.

Numerous courts through the years have sustained federal question jurisdiction in actions to enjoin the enforcement of conservation laws and orders of state agencies dealing with the production of oil and the classification of oil wells. *See*, Railroad Commission v. Rowan & N. Oil Co., 310 U.S. 573, 60 S.Ct. 1021, 84 L.Ed. 1368 (1940); Henderson Co. v. Thompson, 12 F.Supp. 519 (D.C.Tex. 1935); Amazon Petroleum Corp. v. Railroad Comm., 5 F.Supp. 633 (E.D.Tex. 1934). Representative of the decisions in these cases and closer to the fact situation at bar are the opinions of Whittington v. Smith, 16 F.Supp. 448 (E.D. Tex.1936) and Lindsley v. Natural Carbonic Gas Co., 162 F. 954 (C.C.S.D.N.Y. 1908). In *Whittington, supra*, the district court ruled that federal question jurisdiction was present in a suit challenging a denial of a drilling permit to the owner of already producing land under a newly propagated state conservation law. The Second Circuit likewise upheld jurisdiction in a suit by the producer of carbonic gas which challenged a state conservation law. The law prevented the plaintiff from pumping the gas in the manner in which he was then currently engaged. Lindsley v. Natural Carbonic Gas, *supra*.

There are other cases which are factually similar to that presently before the court. Justice Brandeis, in Herkness v. Irion, 278 U.S. 92, 49 S.Ct. 40, 73 L.Ed. 198 (1928), found that the district court had jurisdiction in a suit questioning the validity under the Fourteenth Amendment, of an order of an administrative board of the state. The plaintiff, a manufacturer of carbon black from natural gas, was denied a permit on the sole ground of the policy recently announced by the Commissioner of Conservation not to issue any new permits and to gradually reduce those already outstanding. Before the new policy decree, it had been the custom to routinely issue the permits. Jurisdiction was affirmed in Merced Dredging Co. v. Merced County, 67 F.Supp. 598 (S.D. Cal.1946) for a property owner's challenge of a newly enacted county ordinance which prohibited him from dredging on his land without a permit and dictated the manner in which any dredging was to be done.

A reading of these decisions amply demonstrates that plaintiff's claim is not "wholly insubstantial or frivolous" or made "solely for the purpose of obtaining . . . jurisdiction." This conclusion having been reached, the question need not be reached as to whether

jurisdiction also exists under 28 U.S.C. § 1332.

## FINDINGS OF FACT

Mobil Oil Corporation is a New York corporation with its principal place of business being located in New York and is qualified to do business in the State of Alabama. The defendants Claude Kelley, William J. Baxley, Drexel Cook, Julian Maddox, Ralph Adams, and Philip E. LaMoreaux, are each over the age of 21 years of age and are citizens of the State of Alabama. Claude Kelley is the Director of the Department of Conservation of the State of Alabama. William J. Baxley is the Attorney General of the State of Alabama, the chief legal officer for the State. Drexel Cook is Chairman and member of the State Oil and Gas Board of Alabama, Julian Maddox and Ralph Adams are members of the State Oil and Gas Board of Alabama, and Philip E. LaMoreaux is the State Oil and Gas Board Supervisor.

A hearing was held, evidence taken, arguments made and briefs submitted, and all parties have submitted on the complaint as last amended as to the merits of the case together with the injunctive relief sought.

In September, 1969, the Director of the Department of Conservation of the State of Alabama advertised for bids on leases on approximately 20,000 acres of water bottom property in Mobile Bay. Mobil was the highest bidder for these leases. On October 24, 1969, Mobil entered into oil and gas leases numbers 347, 348, 349, and 350 with the State of Alabama through the Department of Conservation for the purpose of oil and gas exploration in certain acreages of Mobile Bay. Each of the leases was duly executed by the Director of the Department of Conservation, approved by the Governor of the State of Alabama, and attested by the Secretary of State, all as required by Alabama statutory law. Each lease was for a five year term and as long thereafter as there was production of oil or gas from that lease. Drilling must be completed, however, within a two year period after the end of the primary term.

Mobil paid $78,822.00 as lease bonuses for the four leases and paid, on or before October 24th of 1970 and of 1971, $19,695.00 as delay rentals for each year as required by the terms of the leases. Mobil has also spent in excess of $139,000.00 in evaluating the land covered by the leases as well as considerable inter-company time and expense.

The leases specifically granted to Mobil the right to drill on the property covered by the leases during the term of the leases.

On July 9, 1970, Mobil filed an application with the State Oil and Gas Board of Alabama for a permit to drill a well at a location in Mobile Bay covered by one of the said four leases. Up until the time of the filing of this application, such permits had been issued routinely by the Oil and Gas Board when the applicant qualified under the rules and regulations. At least two wells had previously been permitted and drilled in Mobile Bay prior to Mobil having made its application. Mobil's application has not been questioned.

Mobil requested a drilling permit from the U. S. Corps of Engineers as required by federal law, on July 17, 1970. No permit has been issued by either the Oil and Gas Board or the U. S. Corps of Engineers.

Mobil has requested the defendant Kelley, as the Director of the Department of Conservation, to grant extensions on the leases but was informed that he had no authority to do so.

Mobil has cooperated with the Oil and Gas Board and a committee suggested by the then Governor of Alabama to work on new rules and regulations to govern off shore drilling in Alabama waters. Up until the time of the hearing in this cause, the Oil and Gas Board has not adopted new rules and regulations for off shore drilling and had not issued Mobil a permit to drill.

Mobil has desired to drill a test well and has stood ready to proceed with

such drilling since their application to drill was first made on July 9, 1970.

The defendant Baxley, as Attorney General, is the attorney for the Director of the Department of Conservation and for the Oil and Gas Board of Alabama. He has advised the Oil and Gas Board that he objects to the issuance of the requested drilling permit to Mobil and has also filed formal objections with the U. S. Corps of Engineers to its issuing a drilling permit to Mobil. The defendant Baxley has publicly announced that he is opposed to the drilling in Mobile Bay and he will fight it. He has not acted fraudulently or in bad faith, nor has he abused the discretion of his office.

The leases which are the subject of the litigation according to the terms therein, may be kept in force by the payment of delay rentals until October 24, 1974.

## CONCLUSIONS OF LAW

■ It is clear from the history of the Department of Conservation's issuance of permits under its oil and gas leases and from the content of the oil and gas leases in question, that it was contemplated by the parties at the time the subject leases were made that Mobil would have the right to drill. It would indeed be a strained construction of the lease arrangements to arrive at a conclusion which would in effect hold that the plaintiff received, and the defendant State Department of Conservation gave no more than a lottery ticket, a chance, for the right to drill for oil and gas.

In reliance on these leases, Mobil has expended large sums of money, has pursued all avenues of relief available to it and has fulfilled its obligations under the lease. Since Mobil has been deprived of the right contemplated by the lease agreement, it is the opinion of this court that, as a matter of equity, and to prevent unjust enrichment of the State, Mobil is entitled to have the terms of the lease stayed for the period which it is delayed in obtaining drilling permits by reason of the actions, or inaction of the Oil and Gas Board of the State of Alabama.

■ The Attorney General of the State of Alabama has not unreasonably nor unlawfully interfered with the activities of the State Oil and Gas Board or the U. S. Corps of Engineers. He has wide discretion in determining what actions he should take in protecting what he conceives to be the best interest of the State of Alabama and the citizens thereof. The actions taken by him in the case at hand were an exercise of that discretion and in fulfillment of the duties of the office. An injunction is not warranted to prohibit him from taking action to prevent the issuing of the drilling permits requested by Mobil.

## ORDER

It is therefore ordered, adjudged, and decreed that the leases, to wit, numbers 347, 348, 349, and 350, and the obligations and payments due thereunder should be, and from this date are hereby Stayed until three (3) years and seventy-six (76) days after the Oil and Gas Board has issued a valid drilling permit.

It is further ordered, adjudged, and decreed that the terms of the leases, to wit, numbers 347, 348, 349, and 350, are extended by staying the running of the primary terms set out in each lease from August 9, 1970, until the date the Oil and Gas Board issues a valid drilling permit and an additional two (2) years after the primary term if there is drilling.

The court retains jurisdiction of this cause and on petition of any party or by the court ex mero motu this cause may be set down for another hearing to fashion other and different relief in order to do justice between the parties according to law and equity.

Costs are taxed against the defendant Department of Conservation, State of Alabama.